The opinion of the court was delivered by
Breaux, J.
The plaintiff sues to have the assessment of its share holders reduced; to this end it is alleged that the Board of Assessors have assessed, on the rolls of 1889, for the purpose of State and city taxation, the share holders of petitioner.
That the assessment is excessive and illegal for the reason that the Assessors have disregarded the provisions of Section 27 of Act No. 85 of the fimieral Assembly of 1888, which provides that the shares of all corporations shall be assessed to and in the names of the share holders, and that when so assessed the taxes thereon are required to' be paid by the corporation whose shares have been thus assessed.
In the second place, it is alleged that the Assessors have made no deduction for the property owned by petitioner and exempt from taxation, to-wit: consolidated Crossman bonds of the city of New Orleans worth, cash value, $167,000.
The first ground, that is, the alleged informality in not having assessed the shares in the name of the share holders, hut in the name of the corporation, has been formally abandoned.
The agreement of counsel with reference to the abandonment is of record.
On the trial of the case it was proven that the number of shares representing plaintiff’s capital stock is 3676. Their par value is $100' a share. Their market value is $91 a share.
The assessment was $334,516, from which was deducted value of real estate directly taxed, and the shares of the Mutual National Bank, valued at a thousand dollars, owned by plaintiff, elsewhere *1133 assessed, leaving the amount of §303,516 assessed to the share holders, on which the rate of assessment is §82.56 a share. It is -not alleged that the shares were assessed at more than their actual value. It is in evidence that at the time of the assessment, and several years previous, the plaintiff company was the owner of lid?,000 worth of city consolidated Crossman bonds, which the defendant, after formal demand, refused to deduct from the assessed value of the shares held by the stock holders.
The only question remaining for decision is as to whether these bonds should be deducted from the total owned by the share holders as claimed bj' the plaintiff.
The exemption claimed has been twice denied by this court.
United States bonds and State bonds, in which the capital of a corporation is invested, are not deductible from the assessment of the shares. Bank of Shreveport vs. Board of Assessment, 41 An. 185; Board of Liquidation of City Debts vs. Thoman, Comptroller, 42 An. —.
The statement of the case establishes its similarity to those just quoted. The bonds in the quoted cases were United States and State bonds. In the case under consideration they are New Orleans City bonds. The latter are not more exempt than the former. They are all exempt from taxation, and the assessing officer can not directly list and assess them for the purpose, but they can not, because of their exemption from taxation, be deducted from the total of the shares of the share holders.
These bonds are more particularly the property of the corporation, and the share of a stock holder can not always be assimilated to the capital stock of the corporation. They are carried to a separate account, subject to different rules, and are not always similar. They are the individual interest of the stock holder, an interest which accompanies the person of the owner, giving him the right to a proportional part of the dividends when declared, and to a proportional part of the effects of the corporation when dissolved.
The capital stock is more especially the property of the corporation.
When the assessment of the property is made, that which is exempted from taxation should not be assessed.
It is different with the share holder; his interest is not deductible from the total value of his shares.
*1134 The tax is one on shares. The statute expressly declares:
“ That no assessment shall hereafter be made under.that name as the capital stock of * * any corporation, etc., when capital stock is represented by shares; but the actual shares shall be assessed to the stock holders.” Act 85 of 1888.
The value of shares is due to different contributing agencies; as for instance the stock subscribed, the ability of the management, the credit, etc.
The share holders can not be heard to eliminate any of these agencies by deducting the amount of exempt bonds from the value of the shares.
To be more explicit, without the exempted bond it is assumed for the purpose of taxation that the shares would have been as valuable; that these agencies would have operated to uphold their value; that if the corporation chooses to invest a part or all its assets in bondsj the value of its shares can not be considered lessened thereby.
The proposition that Act No. 3 of 1860 exempts consolidated bonds of the city of New Orleans from any and all taxation is correct. They are not affected by Article 207 of the Constitution.
The plaintiff contends that this case is not similar to the quoted cases; that in the latter it was held that the words “all exempt property” contained in Act 98 of 1886, Section 28, did not exempt bonds of this State and the United States, because the exemption claimed was not made by the Constitution, and the Legislature had no power to make it after the adoption of the Constitution of 1879.
After a careful reading of these decisions, we are unable to reach counsel’s conclusions in stating that the Shreveport Bank case does not militate against plaintiff’s position with reference to exemption.
It is decided that, in assessing, it is of no importance whether the capital was or was not invested in United 'States bonds and State bonds, although they are, as a rule, exempt from taxation.
It was not decided that these bonds are not exempted from taxation, but that they can not be deducted from the assessment of the shares of the stock holder. The same principle was affirmed in the case of the Board of Liquidation of City Debts vs. Thoman, Comptroller, 42 An. — .
Judgment affirmed.